UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:06CR-112-H

UNITED STATES OF AMERICA                                    PLAINTIFF

V.

JOHN EARL SALAZAR                                           DEFENDANT

**MEMORANDUM AND ORDER**

The United States has moved previously to revoke the release order regarding John Earl Salazar, subsequent to his entry of a guilty plea. The Court sustained that motion, but has delayed defendant's requirement to report to the United States Marshal in order to consider new arguments. The Court has now done so and issues this new memorandum opinion to resolve the matter.

A federal grand jury sitting in Louisville, Kentucky, returned a three count indictment against Defendant on August 7, 2006. The indictment included two substantive charges. Count I charged Salazar with possessing child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B). Count II charged Salazar with attempting to transport child pornography in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(1). On January 11, 2007, Salazar appeared before this Court and entered a guilty plea to both counts of the indictment.

Title 18, United States Code, Section 3143 governs the release or detention of a defendant pending sentence or appeal. It provides, in pertinent part, as follows:

(a) Release or detention pending sentence.

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) or subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(iii) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or community.

Congress has made a broad legislative finding that the charges to which Salazar has pled guilty are crimes of violence.  Therefore, even though his actual conduct does not appear to be of a directly violent nature, the precise nature of his criminal acts are not subject to review. Because Salazar cannot meet the requirements set forth in either § 3143 (a)(2)(A)(i) or (ii), his guilty pleas subjects him to the detention provisions contained in § 3143(a)(2).

Consequently, the Court's only final consideration is whether any exceptional reasons support not detaining Salazar, pursuant to 18 U.S.C. § 3145.  Defendant argues that he is neither a flight risk nor a danger to society.  He also cites his continued participation in out-patient treatment for his pornography addiction as a reason for his continued release pending sentencing. All of these assertions appear to be true.

Defendant's charged conduct is much less serious then many others caught in these circumstances.  Mr. Salazar has not contacted any underaged  persons either in person or through the internet.  He is charged with possession and transporting child pornography, but not the trading of it.   He would seem to be the kind of person for which treatment, rather than prison,

would best serve society's best interest.    Reviewing the report of Shea Reed makes it clear that

individuals such as Mr. Salazar are particularly well suited for this kind of help.   His current

course of action seems laudable as well as being beneficial to both him and to society as a whole.

Not every defendant would have the financial ability or desire to undergo treatment.

It certainly appears contrary to the interests of society that Salazar be prevented from

undergoing treatment that so benefits himself and society.   However, Congress has given the

Courts very little discretion in these circumstances.   The Court can not say that this situation

constitutes such exceptional circumstances presently required to justify release under 18 U.S.C.

§ 3145(c).

Being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that the motion of the United States to revoke the release

of John Earl Salazar is **SUSTAINED** and that same Defendant is hereby **ORDERED** to report to

the United States Marshal Service on or before **Thursday, February 22, 2007**, at **10:00 A.M.**

and remain in the custody thereof pending further order of this Court.

Date: February 16, 2007

cc:     Counsel of Record
        United States Marshal
        United States Probation

3